# FINAL REPORT[1]

## Recommendation 4-2018, Minor Court Rules Committee

*Amendment of Pa.R.C.P.M.D.J. Nos. 209, 503–504,*
*506–508, 512–521, 1007–1008, and 1013.*

REQUEST FOR ORDER OF POSSESSION

## I.    Introduction

The Minor Court Rules Committee ("Committee") recommended amendments to Rules 209, 503–504, 506–508, 512–521, 1007–1008, and 1013 of the Pennsylvania Rules of Civil Procedure before Magisterial District Judges ("Rules"). The amendments (1) clarify the procedure for requesting an order of possession following the entry of an award by a board of arbitrators when the defendant has not maintained a *supersedeas*, (2) update a statutory reference, and (3) make stylistic changes, including changing references in the Rules governing landlord/tenant actions from plaintiff and defendant to landlord and tenant, respectively.

## II.    Background and Discussion

The Committee received a request suggesting that it review the rules governing the filing of a request for an order for possession when a tenant has filed an appeal of the judgment of the magisterial district judge.  Specifically, the Committee was asked to review the following situation: a magisterial district judge enters judgment in a residential landlord tenant case in favor of the landlord, the tenant appeals the judgment and obtains the necessary *supersedeas* to stay the possession action, the appeal goes before a board of arbitrators pursuant to Pa.R.C.P. Nos. 1301–1314, an arbitration award is entered in favor of the tenant, the tenant does not maintain the *supersedeas*, and the *supersedeas* is terminated for nonpayment of rent into escrow prior to expiration of the 30-day period for entry of the award in the court of common pleas.  In this scenario, it was suggested that there is ambiguity about if and where a landlord may file a request for an order for possession since the *supersedeas* has been terminated prior to the entry of the award in the court of common pleas.

The Committee discussed the scenario described above and published two proposals for public comment that attempted to clarify the suggested ambiguity. *See* 45 Pa.B. 1111 (March 7, 2015); 46 Pa.B. 984 (February 27, 2016).  The Committee received comments in response to both publications that led it to modify the proposal and republish it for public comment a third time. *See* 47 Pa.B. 7433 (December 9, 2017).

---

[1] The Committee's Final Report should not be confused with the Official Notes to the Rules.  Also, the Supreme Court of Pennsylvania does not adopt the Committee's Official Notes or the contents of the explanatory Final Reports.

The Committee proposed a two-pronged approach to the above scenario based upon the determination of the board of arbitrators. First, if the board of arbitrators enters an arbitration award for possession in favor of the landlord, and the tenant fails to maintain the *supersedeas* required by Rule 1008, then the landlord may terminate the *supersedeas* pursuant to Rule 1008 and request an order of possession from the magisterial district court pursuant to Rule 515. Requiring the tenant in this scenario to maintain the *supersedeas* during the 30-day period for the entry of judgment preserves the *status quo*. In contrast, when an arbitration award has been entered in favor of the tenant, the landlord may not initiate a request for an order of possession unless and until the landlord files an appeal of the arbitration award. While not a final judgment, the decision of the arbitration panel is not a legal nullity, and the landlord is required to file a timely appeal of the arbitration panel decision in order to move the matter forward.

Additionally, the Committee received feedback that the parties in the Rules governing landlord/tenant actions are alternatively referred to as "plaintiff," "landlord," or "appellee," which could be confusing for *pro se* litigants. The Committee recommended additional amendments to the Rules to consistently refer to the "plaintiff" in a landlord/tenant action as the "landlord," and the "defendant" in an action as the "tenant."

## III.   Rule Changes

The Official Notes to Rules 515, 516, 1007, and 1008 are amended as follows:

In many judicial districts, appeals of magisterial district court judgments are submitted to compulsory arbitration pursuant to Pa.R.C.P. Nos. 1301-1314. If, after the arbitration, the prothonotary enters an award for possession on the docket in favor of the landlord and the defendant fails to maintain the *supersedeas* required by Rule 1008 prior to the prothonotary entering judgment on the award, then the landlord may terminate the *supersedeas* pursuant to Rule 1008B and request an order of possession from the magisterial district judge pursuant to Rule 515. If the prothonotary enters an award on the docket in favor of the tenant and the tenant fails to maintain the *supersedeas* prior to the prothonotary entering judgment on the award, the landlord may not obtain an order of possession between the time that the prothonotary enters the arbitration award on the docket and the time that the landlord files a notice of appeal.

Rules 209, 503–504, 506–508, 512–521, 1008, and 1013 are amended to consistently refer to the "plaintiff" in a landlord/tenant action as the "landlord," and the "defendant" as the "tenant."

The Official Note to Rule 515 is amended to update the statutory reference governing constable fees to 44 Pa.C.S. § 7161(d). Other stylistic changes and corrections have been made throughout the Rules. Rule amendments adopted

2

contemporaneously by the Court based on the Committee's Recommendation 3 of 2015 are reflected in the rule text without contextual indicators.